**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DIANA PETERLIN, as next friend
for J.P., a minor child,

      Plaintiff,

      v.                                               Civ. No. 20-40 SCY/LF

NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT, and
ACADIA HEALTHCARE COMPANY, INC.,
d/b/a DESERT HILLS,

      Defendants.

## ORDER GRANTING MOTION TO AMEND

      This matter comes before the Court on "Plaintiff's Motion for Leave to File Amended Complaint for Civil Rights Violations and Personal Injuries Pursuant to the New Mexico Tort Claims Act," filed April 30, 2020. Doc. 25. Defendant New Mexico Children, Youth and Families Department ("CYFD") takes no position as to the motion and filed no response. Defendant Acadia Healthcare Company ("Acadia") opposes the motion and filed a response in opposition on May 14, 2020. Doc. 27. Plaintiff filed a reply on May 28, 2020. Doc. 28. Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 10, 11, 13, 14. For the reasons stated below, the Court grants Plaintiff's Motion to Amend.

## BACKGROUND

Plaintiff filed her original Complaint in state court on February 2, 2019, Doc. 1-1, but did not serve Defendants until December 19, 2019, Doc. 1-2. On January 14, 2020, Defendant CYFD removed the case to federal court. Doc. 1. Judge Fashing held a scheduling conference on February 26, 2020 and entered a Scheduling Order. Doc. 22. The Scheduling Order set the deadline for Plaintiff to seek leave to join additional parties as April 30, 2020. In accordance with that deadline, Plaintiff now moves to amend her Complaint in order to add Youth and Family Centered Services of New Mexico, Inc. ("YFCS") as a defendant in this case. Doc. 25.

## DISCUSSION

Rule 15 provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Given the permissiveness with which courts view motions to amend, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In this case, Defendant Acadia opposes Plaintiff's Motion to Amend not because of what Plaintiff has included in her proposed amended complaint, but because of what Plaintiff did not take out of her proposed amended complaint. Acadia asserts that it is an improper party and that YFCS, doing business as Desert Hills, is the proper defendant to take its place. Doc. 27 at 2 ¶ 3. Accordingly, Acadia opposes the proposed amended complaint because, although Plaintiff added YFCS as a defendant, she did not remove Acadia as a defendant. The Court construes this as a futility argument.

A court may deny a motion to amend on the basis of futility if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted. *Stewart v. Bd. of Cnty Comm'rs for Shawnee Cnty., Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003). When determining whether an amendment is futile, the court analyzes the proposed amendment as if it were before the court on a motion to dismiss pursuant to Rule 12(b)(6). *Id.* However, "[t]he party opposing the proposed amendment bears the burden of establishing its futility." *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 661 (D. Kan. 2014). Acadia fails to meet this burden. It merely alleges that "Plaintiff's First Amended Complaint still fails to make any cognizable claims against Acadia Healthcare Company, Inc. because it completely disregards the corporate separateness that exists between Acadia and Desert Hills." Doc. 27 at 3 ¶ 10. This conclusory statement does not demonstrate that the proposed amended complaint fails, on its face, to state a claim that relief is plausible against Acadia.

Acadia also asserts that the Court should deny Plaintiff's Motion to Amend as untimely because the motion comes "some fifteen months after [Plaintiff] initially filed suit." Doc. 27 at 3. Indeed, Plaintiff first filed this suit on February 2, 2019. However, she did not serve Defendants until December 19, 2019 and the case came to federal court on January 14, 2020. Although it took nearly a year for the case to arrive in this Court, since removal, the case has timely proceeded to a scheduling conference, Doc. 17, 21, at which the Court set amendment and discovery deadlines, Doc. 22. After learning that YFCS is the correct legal entity, Plaintiff moved to amend her complaint within the Scheduling Order's deadline. There is no evidence that Plaintiff delayed moving to amend in order to "make the complaint a moving target," *Minter*, 451 F.3d at 1206, or that Plaintiff knew or should have known all of the information on which the proposed amendment is based before the filing of an earlier complaint, *see Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). That Plaintiff filed her initial state-court

Complaint over a year ago is not a sufficient reason for the Court to deny the Motion to Amend as untimely.

## **<u>CONCLUSION</u>**

Plaintiff's Motion for Leave to File Amended Complaint for Civil Rights Violations and Personal Injuries Pursuant to the New Mexico Tort Claims Act (Doc. 25) is GRANTED. Plaintiff shall file her First Amended Complaint (currently Doc. 25-1) separately on the docket within seven days of this Order.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent